UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JEREMIAH SULLIVAN, *et al.*,

                       Plaintiffs,

                                **ORDER**

            -against-                     12-CV-05066 (PKC)

117 LIBERTY STREET, LLC d/b/a POLONIA
DEVELOPMENT & PRESERVATION SERVICES,
CO., LLC, *et al.*,

                       Defendants.

----------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

       On April 10, 2013, the *pro se* Defendant Gerardo Sanchez ("Sanchez") filed a motion to dismiss ("Motion") in violation of Judge William F. Kuntz, II's Individual Rules. (Dkt. No. 8.) Upon reassignment of this action to this Court, Plaintiffs requested that this Court regard the Motion merely as a request for a pre-motion conference (Dkt. No. 10), which this Court proceeded to do.[1] At the May 23, 2013 pre-motion conference, however, this Court considered on the merits and DENIED the Motion for the reasons set forth below.[2]

                                      \*      \*      \*

---

[1]     Because *pro se* litigants are not required to request a pre-motion conference under this Court's Individual Rules, *see* Rule 3.A (requiring only represented parties to seek pre-motion conferences), this Court is treating Sanchez's April 10, 2013 submission as a motion.

[2]     At the conference, although not in the Motion, Sanchez also argued, as a basis for dismissal, the fact that Plaintiffs' counsel has not filed a notice of appearance. This argument fails, because Plaintiffs' counsel became counsel of record for Plaintiffs upon filing the complaint. (Dkt. No. 1); *accord Pathways for Youth, Inc. v. Royal Indem. Co.*, No. 05 Civ. 380, 2006 WL 2265047, at \*1 (S.D.N.Y. Aug. 7, 2006) (noting that law firm "filed the complaint on behalf of [plaintiff] and currently appears as [plaintiff's] counsel of record").

1. Service of Process on Sanchez

Sanchez's first basis for dismissal is improper service. Sanchez argues that he "ha[s] not been served personally, nor by mail, nor by any other means, with the Complaint that was filed." (Dkt. No. 8, at 2.)

On the contrary, Sanchez was properly served. Federal Rule of Civil Procedure ("FRCP") 4(e)(1) provides that plaintiffs may properly serve a person with a summons and complaint by "following [New York] law for serving a summons in an action brought in courts of general jurisdiction in [New York]." FRCP 4(e)(1). New York law permits personal service "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served *and* . . . by mailing the summons by first class mail to the person to be served at his or her actual place of business," with the additional requirement that "proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later." N.Y. C.P.L.R. § 308(2) (emphasis added).

Under New York law, a "person of suitable age and discretion" includes a doorman who has otherwise denied a process server access to the "actual place of business . . . of the person to be served." *See Astrea United Invs., L.P. v. Onitiri*, No. 92 Civ. 0581, 1992 WL 346353, at *2 (S.D.N.Y. Nov. 18, 1992) (deeming service proper, where plaintiff delivered summons and complaint to doorman and mailed these documents to defendant at defendant's business) (citing *F.I. DuPont, Glore Forgan & Co. v. Chen*, 41 N.Y.2d 794 (1977)). Effecting service by delivering a summons and complaint to a doorman is only improper if plaintiffs do not subsequently (i) mail these documents to the person to be served and (ii) file proof of service with the court clerk. *See Opt Out of IEAM, LLC v. Indus. Enters. of Am., Inc.*, No. 11 Civ. 8470, 2012 WL 6135819, at *3 (S.D.N.Y. Dec. 11, 2012) (finding that "summons and complaint were

timely delivered to a 'doorman/secretary' at [defendant's] offices," but not "mailed to [defendant]," and that no proof of service was filed with court clerk).

In this action, the record reflects that (i) on November 20, 2012, the process server delivered the summons and complaint to the doorman at the address that Sanchez admits is his place of business[3]; (ii) on the same day, the process server also sent by first class mail the summons and complaint to Sanchez at the same address; and (iii) two weeks later, on December 4, 2012, proof of service was filed with the clerk of this Court. (*See* Dkt. No. 6.)

Accordingly, Sanchez was properly served with the summons and complaint, and his motion to dismiss based on improper service is denied.

2. <u>Plaintiff Jeremiah Sullivan's ("Sullivan") Status as the President of Plaintiff Bricklayers and Allied Craftworkers Local Union No. 1, B.A.C.I.U., AFL-CIO ("Local 1")</u>

Sanchez's second basis for dismissal is that Sullivan is not the "real" President of Local 1. Sanchez argues that, because "[a] person named Jeremiah Sullivan might be the father or relative of the Trustee and President of Local 1, but he is not that official," Sullivan cannot assert claims for delinquent dues and assessments on behalf of Local 1. (Dkt. No. 1, ¶ 43; Dkt. No. 8, at 3.)

Sanchez fails to offer any support for this argument, which raises a purely factual question that is not properly decided on a motion to dismiss. *See, e.g.*, *Ibraheem v. Wackenhut Servs., Inc.*, No. 09-CV-5335, 2011 WL 4592832, at *2 (E.D.N.Y. Sept. 30, 2011) (Townes, J.) ("The issue of whether the plaintiff was or was not a federal employee is a question of fact not appropriate for a motion to dismiss.").

---

[3] At the initial conference on February 22, 2013, Sanchez informed Magistrate Judge Robert M. Levy that the address is the "present address" for Sanchez's place of business. (Dkt. No. 9, at 32:18–33:12.)

3

Even if Sanchez could show that Sullivan is not the "real" President of Local 1, dismissal is not the appropriate response. "The court *may not dismiss* an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." FRCP 17(a)(3) (emphasis added). In *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11 (2d Cir. 1997), the Second Circuit considered whether the district court correctly granted the defendants' motion to dismiss certain claims, where "[t]he complaint's only pertinent flaw was the identity of the party pursuing those claims." *Id.* at 20. The Second Circuit held that, rather than dismissing those claims, the district court should have allowed the "real parties in interest" to assert those claims by amending the complaint under FRCP 17(a). *Id.* Similarly, should Sullivan turn out not to be the President of Local 1, this Court would permit the "real party in interest," *i.e.*, President of Local 1, to "ratify, join, or be substituted into the action," rather than dismiss the claims asserted on behalf of Local 1. FRCP 17(a)(3).

Accordingly, Sanchez's motion to dismiss based on the identity of the "real party" is denied.

3. Joinder of Parties as Plaintiffs

Sanchez's third basis for dismissal pertains to the joinder of purportedly "necessary and indispensable parties" under FRCP 19(a). Sanchez argues, in substance, that this action cannot proceed unless *all* trustees of the Plaintiff multi-employer benefit plans, *as well as* the employer and employee representatives of these plans, are joined as plaintiffs. (Dkt. No. 8, at 4.) This is patently incorrect.[4]

---

[4] Magistrate Judge Robert M. Levy also found this argument unpersuasive. (*See* Dkt. No. 9, at 29:13-16.)

4

Nothing in the provisions of the Employee Retirement Income Security Act ("ERISA") upon which this action is premised supports Sanchez's position. Here, Plaintiffs have asserted claims (i) against Defendant 117 Liberty Street, LLC d/b/a Polonia Development & Preservation Services, Co., LLC for delinquent contributions under Section 515 of ERISA, 29 U.S.C. § 1145, and (ii) relatedly, against Sanchez for breaching his fiduciary duties under Section 404 of ERISA, 29 U.S.C. § 1104; *see also id.* § 1109 ("Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good *to such plan* any losses to the plan resulting from each such breach[.]" (emphasis added)). (Dkt. No. 1, ¶¶ 76-78, 90-98.) Section 515 specifically permits "a fiduciary *for or on behalf of a plan*" to seek "a judgment *in favor of the plan*," whereby "the court *shall award the plan* . . . the unpaid contributions" among other things. 29 U.S.C. § 1132(g)(2) (emphasis added). Thus, the statutory language does not suggest that such claims require joining parties other than the multi-employer benefit plans and their trustees who are already in this action.

Indeed, countless actions have proceeded, as here, with just the multi-employer benefit plans and/or some, but not all, of their trustees asserting similar claims for delinquent contributions. *See, e.g.*, *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230 (2d Cir. 2012) (more than four multi-employer benefit plans and two of their trustees); *Bricklayers Ins. & Welfare Fund v. Primo Brick, Inc.*, No. 11-CV-5742, 2013 WL 2120318 (E.D.N.Y. May 15, 2013) (Block, J.) (six multi-employer benefit plans); *Annuity, Pension, Welfare & Training Funds of the Int'l Union of Operating Eng'rs Local 14-14B, AFL-CIO v. Rice Mohawk Structural Steel Corp.*, No. 12-CV-902, 2013 WL 1337389 (E.D.N.Y. Mar.

30, 2013) (Townes, J.) (eight trustees for four multi-employer benefit plans); *Gesualdi v. Gen. Concreto, Inc.*, No. 11-CV-1866, 2013 WL 1192954 (E.D.N.Y. Mar. 22, 2013) (Amon, C.J.) (two trustees for five multi-employer benefit plans); *Sheet Metal Workers' Nat'l Pension Fund v. Accra Sheetmetal LLC*, No. 11-CV-2931, 2013 WL 867650 (E.D.N.Y. Mar. 7, 2013) (Spatt, J.) (five multi-employer benefit plans).

Accordingly, Sanchez's motion to dismiss based on the failure to join other parties is denied.

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: May 24, 2013
Brooklyn, New York